# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE CARLA MCEWEN,

                                                    Debtor,

CARLA MCEWEN,

                                                    Appellant,

        v.

SANTANDER CONSUMER USA INC.
doing business as CHRYSLER
CAPITAL,

                                                    Appellee.

Case No.:  26-cv-01045-DMS-JAC

Bankruptcy No.: 25-03821-JBM13

**ORDER SETTING DEADLINE
AND DISCHARGING
ORDER TO SHOW CAUSE**

On February 18, 2026, Appellant Carla McEwen filed a notice of appeal pursuant to 28 U.S.C. § 158, seeking review of a judgment by the United States Bankruptcy Court, Southern District of California.  (ECF No. 1).  The Court subsequently issued a briefing order with the record to be perfected no later than April 6, 2026, and Appellant's opening brief to be filed no later than May 4, 2026.  (ECF No. 2).  On April 10, 2026, the Court received a Notice of Unperfected Appeal.  (ECF No. 3).  On April 16, 2026, the Court received a Supplemental Transmittal of Appeal containing Appellant's Designation of Record on Appeal.  (ECF No. 4).  On April 22, 2026, the Court received another Supplemental Transmittal of Appeal containing a notice of errors or deficiencies due to a failure to include docket numbers with each designated item.  (ECF No. 5).  On June 24, 2026, the Court issued an Order to Show Cause ("OSC") requesting Appellant explain why

1

the appeal should not be dismissed for failure to perfect the record and file an opening brief. (ECF No. 11). Appellant responded, attributing her noncompliance to significant personal hardship, confusion of several related proceedings, and uncertainty regarding how to perfect the record, requesting an opportunity to cure any remaining deficiency. (ECF No. 12 at 3–4, 8, 10). Appellant simultaneously filed her opening brief with an attached appendix. (ECF No. 13). However, the record on appeal has still not been perfected or transmitted to the Court. (*See* ECF Nos. 3, 4, 5).

Under Federal Rule of Bankruptcy Procedure 8009, Appellant is required to perfect the record by filing a designation of the items to be included with the bankruptcy clerk, along with a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1)(A); *see id.* at (a)(4) (listing specific documents that must be included). Appellant must also order any transcripts they consider necessary for the appeal or notify the bankruptcy clerk they will not be ordering any transcripts.[1] *Id.* at (b)(1). "The burden of providing an adequate record on appeal is on the appellant." *In re Drysdale*, 248 B.R. 386, 388 (B.A.P. 9th Cir. 2000). Here, Appellant's designation was deficient because it described categories of documents rather than citing each item and "includ[ing] its docket number to clearly identify it and facilitate proper assembly of the record on appeal." (ECF No. 5-1 at 1; *see* ECF No. 4-1 at 1–2). While Appellant attached an appendix to her opening brief, this is not a substitute for a complete and certified record. *See* Fed. R. Bankr. P. 8018(b) ("[T]he appellant must serve and file with its principal brief an appendix containing excerpts from the record."); *In re Clinton*, 449 B.R. 79, 83 (B.A.P. 9th Cir. 2011) (noting that *pro se* litigants in bankruptcy proceedings are not excused from complying with procedural rules). The Court has discretion in addressing Appellant's failure to perfect the record. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a

---

[1] Appellant requests that the Court order the preparation of properly certified transcripts. (ECF No. 12 at 12). However, it is Appellant's duty to order transcripts and any argument that they do not properly reflect what occurred "must be submitted to and settled by the bankruptcy court." Fed. R. Bankr. P. 8009(b)(1), (e)(1).

26-cv-01045-DMS-JAC

notice of appeal does not affect the appeal's validity, but is ground only for the district court . . . to act as it considers appropriate . . . ."). Accordingly, Appellant is **ORDERED** to perfect the record by **August 14, 2026**. Upon perfection of the record, the Court will set further deadlines. The Order to Show Cause is hereby **DISCHARGED**.

   **IT IS SO ORDERED.**

Dated: July 13, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

26-cv-01045-DMS-JAC