**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE CARLA MCEWEN,

Debtor,

CARLA MCEWEN,

Appellant,

v.

SANTANDER CONSUMER USA INC. doing business as CHRYSLER CAPITAL,

Appellee.

Case No.: 26-cv-01045-DMS-JAC

Bankruptcy No.: 25-03821-JBM13

**ORDER RESOLVING APPELLANT'S REQUESTS AND TO SHOW CAUSE**

Pending before the Court in this bankruptcy appeal are three filings by Appellant Carla McEwen, proceeding *pro se*. On August 4, 2026, Appellant filed a Renewed Motion to Deem Related Appeals Related and to Transfer No. 3:26-cv-02845 Under the Low Number Rule; for Coordinated Administration or, Alternatively, Consolidation; to Supplement the Record and Reset Affected Briefing Deadlines, with a hearing set for September 4, 2026 at 1:30 PM. (ECF No. 15). On August 7, 2026, Appellant filed a Request for Access to and Identification of Judicial Records; Correction of Email Address. (ECF No. 20). On August 10, 2026, Appellant filed a Jurisdictional Statement and Request to Stay Record Perfection Obligations Pending Jurisdiction Determination. (ECF No. 17). The Court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and vacates the September 4, 2026 hearing. For the following

reasons, the Court denies the requests in ECF Nos. 15 and 17, and grants in part and denies in part the requests in ECF No. 20. The Court additionally orders Appellant to show cause why this appeal should not be dismissed for failure to perfect the record.

## I. BACKGROUND

On February 18, 2026, Appellant Carla McEwen filed a notice of appeal pursuant to 28 U.S.C. § 158, seeking review of an order by the United States Bankruptcy Court, Southern District of California. (ECF No. 1). Appellant challenges the Bankruptcy Court's February 10, 2026 minute order denying as moot Appellant's motion to vacate the order granting relief from the automatic stay. (*Id.* at 3). The Court subsequently issued a briefing order with the record to be perfected no later than April 6, 2026, and Appellant's opening brief to be filed no later than May 4, 2026. (ECF No. 2). On April 10, 2026, the Court received a Notice of Unperfected Appeal. (ECF No. 3). On April 16, 2026, the Court received a Supplemental Transmittal of Appeal containing Appellant's Designation of Record on Appeal. (ECF No. 4). On April 22, 2026, the Court received another Supplemental Transmittal of Appeal containing a notice of errors or deficiencies due to a failure to include docket numbers with each designated item. (ECF No. 5). On June 24, 2026, the Court issued an Order to Show Cause ("OSC") requesting Appellant explain why the appeal should not be dismissed for failure to perfect the record and file an opening brief. (ECF No. 11). Appellant responded, attributing her noncompliance to significant personal hardship, confusion of several related proceedings, and uncertainty regarding how to perfect the record, requesting an opportunity to cure any remaining deficiency. (ECF No. 12 at 3–4, 8, 10). Appellant simultaneously filed her opening brief with an attached appendix. (ECF No. 13). As the record on appeal had still not been perfected or transmitted, the Court extended Appellant's deadline to August 14, 2026. (ECF No. 14). On August 4, 2026, Appellant filed the Renewed Motion to Deem Related Appeals Related and to Transfer No. 3:26-cv-02845 Under the Low Number Rule; for Coordinated Administration or, Alternatively, Consolidation; to Supplement the Record and Reset Affected Briefing Deadlines. (ECF No. 15). On August 7, 2026, Appellant filed a Notice

of Appeal from ECF No. 14, the Court's order discharging the OSC and resetting the deadline for record perfection. (ECF No. 16). On August 7, 2026, Appellant filed a Request for Access to and Identification of Judicial Records; Correction of Email Address. (ECF No. 20). On August 10, 2026, Appellant filed a Jurisdictional Statement and Request to Stay Record Perfection Obligations Pending Jurisdiction Determination. (ECF No. 17). On August 14, 2026, Appellant filed a Supplement to Transmittal of Appeal and/or Bankruptcy Matter. (ECF No. 21).

Additionally, Appellant has two other bankruptcy appeals pending before the Court. On April 28, 2026, Appellant appealed the Bankruptcy Court's February 6, 2026 order dismissing the Chapter 13 case and imposing a one-year bar on refiling in 3:26-cv-02710-DMS-JAC. (26-cv-02710 ECF No. 1 at 5, 19). On May 5, 2026, Appellant appealed the Bankruptcy Court's April 21, 2026 order denying motions for stay pending appeal in 3:26-cv-02845-DMS-JAC. (26-cv-02845 ECF No. 1 at 3).

## II. DISCUSSION

### A. Jurisdiction and the Notice of Appeal

Appellant requests that the Court vacate or stay ECF No. 14 on the ground that the Court has not determined and stated the basis for its jurisdiction. (ECF No. 17 at 1). That request is denied. The Court's jurisdiction rests on 28 U.S.C. § 158(a)(1), which Appellant herself invoked by filing a notice of appeal of the Bankruptcy Court's order. (*See* ECF No. 1); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 47 (2020) (holding that an order conclusively resolving a motion for relief from an automatic stay is final and immediately appealable); *In re Stokes*, No. MT-17-1085-FBKu, 2017 WL 4768100, at *4 (B.A.P. 9th Cir. Oct. 17, 2017) ("Orders denying relief on motions to vacate are generally considered to be final and appealable." (citation modified)). Appellant's requests that ECF No. 14 be stayed on account of her health, the Court rule before the deadline, and her filings be docketed as of the date received are denied as moot. (ECF No. 17 at 3–4, 6–7). The August 14, 2026 deadline has passed, Appellant filed a designation on that date, and the Clerk docketed her filings. (*See* ECF No. 21).

Additionally, Appellant's Notice of Appeal to the Ninth Circuit does not prevent the Court from proceeding. (ECF No. 16). Although the "filing of a notice of appeal . . . [ordinarily] divests the district court of its control over those aspects of the case involved in the appeal," that rule does not apply when a notice of appeal "is defective in that it refers to a non-appealable interlocutory order." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982); *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Here, ECF No. 14 is an interlocutory scheduling order which discharged an OSC and reset the deadline for record perfection. It is not final and does not satisfy the collateral order doctrine. *See Hall v. Hall*, 584 U.S. 59, 64 (2018) ("A final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citation modified)); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (explaining that parties may appeal "a small category of decisions . . . that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action."). Accordingly, the Court "may disregard the purported notice of appeal and proceed with the case." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc).

**B. Motion for Transfer, Coordination, or Consolidation**

Appellant has filed a Renewed Motion to Deem Related Appeals Related and to Transfer No. 3:26-cv-02845 Under the Low Number Rule; for Coordinated Administration or, Alternatively, Consolidation; to Supplement the Record and Reset Affected Briefing Deadlines. (ECF No. 15). Appellant's request that 26-cv-02845 be transferred pursuant to Civil Local Rule 40.1 is denied as moot because the action was already transferred to the Court on August 14, 2026. (*Id.* at 2; 26-cv-02845 ECF No. 14).

Appellant alternatively requests that her three appeals be administered together with "a shared appendix, uniform record citations, leave to lodge identical record materials in each case, and synchronized deadlines, with each appeal keeping its own caption, docket, record, briefs, and judgment." (ECF No. 15 at 2). This request is denied. Each appeal has its own record, parties, and briefing schedule. Synchronizing deadlines would delay cases

that are otherwise on track. Nothing in this Order prevents a party from citing documents according to the Bankruptcy docket number. Appellant further requests consolidation. (*Id.*). The Court previously denied this request in its June 24, 2026 order. (ECF No. 11 at 2–3). As Appellant has not identified any changed circumstances warranting a different result, this request is denied. The three appeals challenge different orders, have different appellees, and do not present a common question of law or fact. For those reasons, consolidation under Rule 42 is not warranted. *See* Fed. R. Civ. P. 42(a).

Appellant requests leave to prepare statements of evidence under Rule 8009(c) regarding the January 13 and February 10, 2026 hearings and to supplement the record under Rule 8009(e). (ECF No. 15 at 3, 16–17). However, leave of this Court is not required as both statements of evidence and corrections to the record must be made to the appellees or Bankruptcy Court. *See* Fed. R. Bankr. P. 8009(c)(3), (e)(1). Accordingly, this request is denied as unnecessary.

Appellant requests leave to file a supplemental opening brief in this action and to reset the deadlines in 26-cv-02845. (ECF No. 15 at 3). As to the former request, the Court's previous order specified that "[u]pon perfection of the record, the Court will set further deadlines." (ECF No. 14 at 3). Whether the record will be perfected and proceed depends on Appellant's response to the OSC described below. Accordingly, this request is presently denied without prejudice. If the appeal proceeds, the Court will address the briefing schedule, including whether an amended opening brief is appropriate. As to the latter request, it is denied as moot because the deadlines in 26-cv-02845 were reset on August 12, 2026. (26-cv-02845 ECF No. 13).

**C. Request for Access to Judicial Records and Correction of Email Address**

Appellant has filed a letter to the Clerk of the Court requesting they search the Court's indexes, records, calendars, and dockets for her name, the property, her case numbers, a specific email address, and the name "Jodi Lee." (ECF No. 20 at 1–2). Although Appellant invokes the common-law right to inspect and copy judicial records, that right does not oblige the Clerk to conduct research on a litigant's behalf. (*Id.* at 2

(citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *see Citizens for Quality Educ. S.D. v. Barrera*, 333 F. Supp. 3d 1003, 1031 n.20 (S.D. Cal. 2018) ("It is not the court's duty to do a litigant's legal research." (citation modified)). The Court's records are available to Appellant through PACER or the public terminals in the Clerk's Office. Accordingly, this request is denied. Appellant additionally requests that her email address of record be corrected to mcewencarla@proton.me. This request is granted and the Clerk of Court is directed to update Appellant's contact information.

**D. Record on Appeal**

Appellant was required to perfect the record on appeal by August 14, 2026. Although Appellant filed a designation on that date, it appears to target a different appeal, likely 26-cv-02710. (ECF Nos. 21, 21-1). The caption lists appellees not party to this action and the filing identifies "the Order Granting Motions to Dismiss and Imposing Re-Filing Bar" as the order being appealed. (ECF No. 21-1 at 1, 5). Furthermore, the designation does not identify items to be included as required by Rule 8009 and instead designates the entire docket of the underlying bankruptcy case, as well as the dockets of Appellant's 2022 and 2024 bankruptcy cases. (*Id.* at 5, 25, 32). Finally, Appellant has not ordered any transcript as required by Rule 8009(b)(1). (*Id.* at 56). Appellant states that she is "not refusing [her] transcript obligations" but waiting until "after [she receives] written clarification identifying the correct hearing, case number, segment, and timestamps." (*Id.*). However, the Court has already identified the order on appeal and it is Appellant's responsibility to determine which proceedings are necessary for review of that order. *See* Fed. R. Bankr. P. 8009(b)(1) (requiring the appellant to order the transcripts they "consider[] necessary for the appeal."). Accordingly, Appellant is ordered to show cause why this appeal should not be dismissed for failure to perfect the record on appeal.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **VACATES** the September 4, 2026 hearing and **DENIES** Appellant's requests except for the request to correct her email address on file which is **GRANTED**. The Clerk of Court is **DIRECTED** to correct Appellant's email

address on file to mcewencarla@proton.me. Finally, Appellant is **ORDERED TO SHOW CAUSE** as to why this appeal should not be dismissed for failure to perfect the record. Within thirty (30) days of the issuance of this Order, Appellant must respond in writing. If Appellant intends to proceed with this appeal, she must, within the next thirty (30) days, file in the Bankruptcy Court an amended designation of record and statement of issues directed to the February 10, 2026 order and either order the transcripts of any hearings she considers necessary or file a certificate that no transcripts are being ordered. Failure to respond to this Order may result in dismissal of the appeal without further notice.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge